## Abstract of the Decision.

1. Appeal and error, § 420*—*when objection below to insufficiency of affidavit of merits essential.* An objection that the affidavit of merits filed by the defendant in an action for attorney's fees did not aver as grounds of defense that there had been an accord and satisfaction and that such fees had been paid, all of which was testified to by the defendant, cannot be raised for the first time on appeal.

2. Appeal and error, § 883*—*when instructions must be set out in full.* Alleged error in giving instructions will not be considered on appeal or writ of error unless all the instructions given are set out in full in the abstract.

3. Appeal and error, § 1530*—*when instruction harmless.* An instruction, although subject to criticism, held not prejudicially erroneous where the testimony relative to the matters therein presented stands uncontradicted.

4. New trial, § 67*—*when newly-discovered evidence not ground for new trial.* Newly-discovered evidence held not of such a character as to warrant the granting of a new trial.

---

## City of Chicago, Defendant in Error, v. Barrett Manufacturing Company, Plaintiff in Error.

### Gen. No. 19,728. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John J. Rooney, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed. Opinion filed April 28, 1915.

## Statement of the Case.

Action by the City of Chicago against the Barrett Manufacturing Company, a corporation, to recover a penalty for the alleged violation by plaintiff of sections 1425, 1426 and 1430 of the Municipal Code of the City of Chicago.

Defendant is engaged in the manufacture of roofing and paving materials and coal tar products, and oper-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ates an extensive plant located at 2900 Sacramento avenue. The district in which the plant is located is essentially a manufacturing district, wherein are located the plants of the Liquid Carbonic Company, the McCormick branch of the International Harvester Company, the National Malleable Castings Company, the Pilsen Brewing Company, the C. F. Massey Company and other extensive manufacturing plants. To the east and immediately across Sacramento avenue are located the Bridewell and the dog pound. On the south the plant runs to the west fork of the south branch of the Chicago River. There are some dwelling houses one or two blocks west on Whipple street and Albany avenue and northeast on Sacramento avenue. The plant of the Pilsen Brewing Company is north and west.

In the process of distillation of crude coal tar the tar is pumped into a horizontal still where it is heated until it commences to vaporize, and heat is continued to be applied until sufficient vapor has been formed to leave a residue of thin liquid pitch in the still. The vapor is drawn from the still through condensers, where it is transformed into a liquid known as ordinary creosote oil. When distillation is complete the temperature of the pitch in the still is between 500 and 600 degrees Fahrenheit. The pitch is then transferred by steam pressure from the still into coolers where the temperature of the pitch is lowered to about 350 degrees Fahrenheit, when it is permitted to run into concrete receptacles known as "pitch bays." In the last process mentioned some vapor and fumes arise from the pitch as it leaves the coolers and flows into the "pitch bays." The presence of these vapors and fumes in the atmosphere constitutes the alleged violation by defendant of the section of the ordinance in question.

JOSEPH B. FLEMING, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; U. S. SCHWARTZ, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 864*—*what evidence necessary in action for penalty.* In an action to recover a penalty for the violation of an ordinance, a municipality must prove the violation by a clear preponderance of evidence; a mere preponderance of evidence is not sufficient.

2. NUISANCE, § 64*—*when vapors and fumes not.* A conviction imposing a fine for the violation of an ordinance with reference to "Matters and things  detrimental to health" will be reversed where it appears from the evidence that the vapors and fumes complained of could not be noticed outside of the defendant's plant and were not deleterious to health.

---

Marie Herch, Defendant in Error, v. Carlo Lazzarini, Plaintiff in Error.  Charles P. Molthrop, Garnishee, Defendant in Error.

Gen. No. 19,765.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed April 28, 1915.

## Statement of the Case.

This is an action in attachment instituted in the Municipal Court by Marie Herch against Carlo Lazzarini, wherein Charles P. Molthrop was summoned

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.